■ In the Matter of RONALD J. KURPIERS II, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [991 NYS2d 514]—

Per Curiam. Respondent was admitted to practice by this Court in 2005. He was suspended from the practice of law, effective March 3, 2014, due to his failure to comply with the attorney registration requirements (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 113 AD3d 1020, 1022 [2014]). Respondent maintains an office for the practice of law in Florida, where he was admitted in 2002.

By order dated May 22, 2012, the Supreme Court of Florida suspended respondent from the practice of law in that state for 91 days based upon findings of guilt that respondent engaged in conduct prejudicial to the administration of justice involving dishonesty, fraud, deceit or misrepresentation. That court later publicly reprimanded respondent, by order dated March 11, 2013, on the basis of different charges concerning his violation of trust accounting rules and conduct prejudicial to the administration of justice. By order dated February 18, 2014, respondent was reinstated in Florida and placed on probation for three years. As a result of the discipline imposed in Florida, petitioner moves for an order imposing discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). In response thereto, respondent has tendered his resignation by affidavit, dated June 27, 2014, in substantial compliance with the rules of this Court (*see* 22 NYCRR 806.8).

We accept respondent's resignation, which petitioner advises it does not oppose, and, in accordance with our rules, order his disbarment from the practice of law (*see* 22 NYCRR 806.8 [b]). Petitioner's motion for an order imposing discipline is, accordingly, denied.

Stein, J.P., McCarthy, Garry, Devine and Clark, JJ., concur. Ordered that respondent's resignation application is accepted; and it is further ordered that petitioner's motion is denied; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).